Request of the Senate
No. 93-137

OPINION OF THE JUSTICES

(Alternate Jurors)

April 19, 1993

The following Resolution No. 5, requesting an opinion of the justices, was adopted by the Senate on March 4, 1993, and filed with the Supreme Court on March 9, 1993:

"Whereas, there is pending in the Senate, SB 61, 'An act relative to substitution of alternate jurors after final submission of a case to a jury;' and

"Whereas, SB 61, proposes to amend RSA 500-A:13 to establish procedures allowing an alternate juror to be substituted after the final submission of a case to the jury in either a civil or criminal case; and

"Whereas, the New Hampshire Senate, in considering this proposed legislation, is unsure and uncertain as to the constitutionality of the procedure proposed for substitution of alternate jurors after a case has been finally submitted to the jury; and

"Whereas, a Constitutional defect in the procedure for substituting alternate jurors would adversely affect the fair administration of justice and deprive citizens of the right to trial by jury; and

"Whereas, Art. 74, Part II of the New Hampshire Constitution authorizes the Senate to request an opinion of the Justices of the Supreme Court upon such important questions of law pending and awaiting consideration and action by the Senate; now, therefore, be it:

"Resolved by the Senate:

"That the Justices of the Supreme Court be respectfully requested to give their opinion on the following questions of law:

1. Is the procedure for substitution of an alternate juror after a civil case is finally submitted to the jury, as proposed in SB 61, permitted by the provisions of Art. 20, Part I of the New Hampshire Constitution, which guarantees the right of trial by jury in civil cases?

2. Is the procedure for substitution of an alternate juror after a criminal case is finally submitted to the jury, as proposed by SB 61, permitted by the provisions of Art. 15, Part I of the New Hampshire Constitution, which guarantees the right of trial by jury in criminal cases?

3. Is the procedure proposed by SB 61 otherwise permitted by the New Hampshire Constitution?

That the senate clerk transmit a copy of this resolution to the Justices of the New Hampshire Supreme Court."

The following response is respectfully returned:

*To the Honorable Senate:*

The undersigned justices of the supreme court now submit the following replies to your questions of March 4, 1993. Following our

receipt of your resolution on March 9, 1993, we invited interested parties to file memoranda with the court on or before April 5, 1993.

Senate Bill (SB) 61 proposes to amend RSA 500-A:13 (1983). The proposed amendment would alter RSA 500-A:13, III to eliminate the language which requires that alternate jurors be discharged upon final submission of the case to the jury, and would add a final sentence that reads:

> "At the final submission of the case to the jury, any remaining alternate jurors who have not been substituted under paragraph IV, shall be kept separate and apart from the other jurors in an appropriate place, subject to the same rules and orders as the jurors, until the jury has agreed upon a verdict or has been otherwise discharged."

In addition, the proposed amendment would add a new paragraph to read:

> "V. If, at any time after the final submission of the case to the jury, and before the jury has agreed on a verdict, a juror becomes incapacitated, is disqualified or dies, the presiding justice may order him to be discharged and direct the clerk to place the names of all of the remaining alternates in a box and draw the name of an alternate, who shall then take the place of the discharged juror on the jury. Before making a substitution, the presiding justice shall make a finding on record that the substitution will not cause prejudice to any party. The presiding justice shall instruct the jury to recommence deliberations and shall give the jury such other supplemental instructions as may be appropriate. The jury shall then renew its deliberations with the alternate juror."

SB 61 is a response to this court's decision in *State v. Dushame*, 136 N.H. 309, 616 A.2d 469 (1992), in which we held that RSA 500-A:13 "does not permit the trial court to retain or recall alternate jurors and reconstitute the jury during the course of deliberations." *Id.* at 314, 616 A.2d at 472. This conclusion was based on the statutory language under section III that, if alternate jurors are not substituted under section IV, they "*shall* be *discharged* upon final submission of the case to the jury." *Id.* We stated, however, that "[w]e do not here consider the constitutional implications of late substitution, and we express no opinion concerning possible future legislative initiatives that may be considered with respect to the use of alternates after deliberations have begun." *Id.*

■ Your first question asks whether the procedure for substitution of an alternate juror after deliberations have begun as set forth in SB 61 is permitted by the provisions of part I, article 20 of the New Hampshire Constitution (right to jury trial in civil cases), while your second question asks whether it is permitted by the provisions of part I, article 15 (right to jury trial in criminal cases). We answer both questions in the affirmative and conclude that substitution of alternate jurors after deliberations have begun is constitutionally permissible when procedural mechanisms are utilized to protect the parties' rights. We note, however, that while constitutional on its face, SB 61 could be applied in a manner which is unconstitutional.

RSA 500-A:13 provides that alternate jurors are selected and empaneled in the same manner as the regular jurors. The alternate jurors are sworn and seated near the jury with equal opportunity to see and hear the proceedings. They are required to obey all orders and admonitions of the court, and when the court orders that the jurors be kept together, the alternate jurors must also be kept with them. Alternate jurors receive the same compensation as regular jurors and are liable as a regular juror for failure to attend trial or obey any order or admonition of the court. SB 61 further provides that after final submission of the case to the jury for deliberations, the alternates are to be sequestered apart from the deliberations. If the trial court determines that there is a need, it may call an alternate and must then instruct the jury to begin deliberations anew.

SB 61 is designed to promote the public's interest in judicial efficiency "by avoiding unnecessary retrials when a juror who is participating in a case becomes unable to continue." *Tanner v. State*, 242 Ga. 437, 438, 249 S.E.2d 238, 240 (1978). Similar statutes in other jurisdictions have been sustained against constitutional challenge provided that, before a juror is excused from deliberations and replaced by an alternate juror, the trial court determines that there is a meritorious reason why a particular juror should not continue to serve and that the jury is instructed in unequivocal terms that it is to begin its deliberations anew. *See Commonwealth v. Haywood*, 377 Mass. 755, 388 N.E.2d 648 (1979); *People v. Collins*, 17 Cal. 3d 687, 552 P.2d 742, 131 Cal. Rptr. 782 (1976), *cert. denied*, 429 U.S. 1077 (1977).

■■ Concerns about substitution of an alternate juror after deliberations have begun focus primarily on protecting the right of the defendant to have each juror arrive at his or her own decision after careful independent consideration of the law and evidence and after

engaging in all of the jury's deliberations. As stated by the California Supreme Court regarding post-deliberation substitution in a criminal case:

"The requirement that 12 persons reach a unanimous verdict is not met unless those 12 reach their consensus through deliberations which are the common experience of all of them. It is not enough that 12 jurors reach a unanimous verdict if 1 juror has not had the benefit of the deliberations of the other 11. Deliberations provide the jury with the opportunity to review the evidence in light of the perception and memory of each member. Equally important in shaping a member's viewpoint are the personal reactions and interactions as any individual juror attempts to persuade others to accept his or her viewpoint. The result is a balance easily upset if a new juror enters the decision-making process after the 11 others have commenced deliberations."

*People v. Collins*, 17 Cal. 3d at 693, 552 P.2d at 746, 131 Cal. Rptr. at 786. Requiring that the trial court instruct the jury to set aside and disregard all past deliberations and begin deliberating anew is, therefore, essential to satisfying the defendant's constitutional right to a fair and impartial jury. *See Griesel v. Dart Industries, Inc.*, 23 Cal. 3d 578, 591 P.2d 503, 153 Cal. Rptr. 213 (1979). We note that prior to substitution of an alternate juror, a finding should be made on the record that the alternate juror has not been tainted subsequent to the original panel retiring to deliberate. In addition, the remaining jurors should affirmatively state that they can and will start the deliberations anew, *United States v. Phillips*, 664 F.2d 971 (5th Cir. 1981), *cert. denied*, 457 U.S. 1136 & 459 U.S. 906 (1982), and the trial court should find on the record that, taking into consideration the circumstances of the particular case, recommencing deliberations is practically feasible. *See State v. Miller*, 76 N.J. 392, 407, 388 A.2d 218, 225 (1978).

■ An additional concern is that the discharge of a particular juror be for a meritorious reason. *See Commonwealth v. Connor*, 392 Mass. 838, 844–45, 467 N.E.2d 1340, 1346 (1984) (good cause includes only reasons personal to the deliberating juror, having nothing to do with the issues of the case or with the juror's relationship with fellow jurors). "The discharge of a deliberating juror is a sensitive undertaking and is fraught with potential for error. It is to be done only in

special circumstances, and with special precautions. Great care must be taken to ensure that a lone dissenting juror is not permitted to evade his responsibilities." *Id.* at 843, 467 N.E.2d at 1345; *see Isaacs v. State*, 259 Ga. 717, 386 S.E.2d 316 (1989) (no error in substituting alternate juror after deliberations had begun when original juror fainted, was taken to hospital, and was physically unable to continue), *cert. denied*, 497 U.S. 1032 (1990); *People v. Guzman*, 66 Cal. App. 3d 549, 136 Cal. Rptr. 163 (1977) (trial court erroneously substituted alternate juror where original juror made a vote-bartering proposal; a mistrial should have been declared instead). The trial court should, prior to excusing a juror from deliberations, ask questions of the juror and make findings on the record that not only establish a meritorious reason for such discharge, but eliminate improper reasons as suggested above. *See Commonwealth v. Haywood*, 377 Mass. at 769, 388 N.E.2d at 657.

■ The principles set forth above pertain to civil as well as criminal cases. *See Griesel v. Dart Industries, Inc.*, 23 Cal. 3d at 584, 591 P.2d at 506, 153 Cal. Rptr. at 216. The provisions of SB 61 governing the substitution of jurors are identical in both criminal and civil cases. "The same considerations require that each juror engage in all of the jury's deliberations . . . [and] reach their consensus through deliberations which are the common experience of all of them." *Id.* Therefore, procedural safeguards also must be applied in civil trials to insure that the statute's provisions are constitutionally applied.

We note that our response "is necessarily qualified." *Opinion of the Justices*, 134 N.H. 266, 279, 592 A.2d 180, 188 (1991). "Because it is impossible to anticipate the myriad fact patterns which may arise and test the limits of [SB 61], we cannot guarantee that we have been able to address every possible issue that may be raised under article[s] [15 and 20]." *Id.* (quotation omitted).

Finally, we respectfully decline to answer your third question, whether SB 61 violates any other provision of the New Hampshire Constitution, because of its generality. *See Opinion of the Justices (Weirs Beach)*, 134 N.H. 711, 717, 598 A.2d 864, 867–68 (1991).

DAVID A. BROCK
WILLIAM F. BATCHELDER
WILLIAM R. JOHNSON
W. STEPHEN THAYER, III
SHERMAN D. HORTON, JR.

April 19, 1993

*Jeffrey R. Howard*, attorney general (*William H. Lyons* and *Stephen J. Judge*, senior assistant attorneys general, on the memorandum), filed a memorandum in support of affirmative answers to the questions presented.

*Albert E. Scherr*, assistant appellate defender, of Concord, filed a memorandum in support of a negative answer to question number two.